FILED
2013 Jun-03  PM 01:30
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **USF INSURANCE COMPANY,** | )<br>) |
| Plaintiff, | )<br>) |
| **vs.** | )  Civil Action Number<br>)  **2:12-cv-2529-AKK** |
| **METCALF REALTY COMPANY,**<br>**INC., et al.,** | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff USF Insurance Company filed this declaratory judgment action against Defendants Metcalf Realty Company, Inc., Thomas Cantone, and Indian Harbor Insurance Company seeking a declaration of the rights and obligations of the parties in an underlying state court action.  Before the court is Metcalf Realty Company's motion to dismiss, or in the alternative, motion for extension of time to respond to USF's motion for summary judgment and supplemental motion to dismiss.  Docs. 35, 44.  For the reasons stated below, the court **DENIES** the motions to dismiss but **GRANTS** the motion for extension of time.  Metcalf's response to USF's motion for summary judgment is due on **June 24, 2013**.

## I.  APPLICABLE STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. 662, 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient.  *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  The complaint must establish "more

than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Woodside Condominium Association purchased Thomas Cantone's condominium unit in a foreclosure sale. Doc. 1 at ¶ 7. Thereafter, Metcalf, acting as Woodside's agent, sued Cantone in Jefferson County Circuit Court seeking Cantone's ejectment, Woodside's right to possession, damages due to wrongful possession, and attorney's fees. *Id*. Cantone filed counterclaims for breach of contract, negligence, conspiracy to force eviction through intentional and wrongful conduct, violation of a general warranty to covenant of quiet enjoyment, and constructive eviction. *Id*. at ¶ 11. Apparently, Metcalf asked USF to defend it against the counterclaim under a commercial general liability insurance policy. *See id*. at ¶ 12.

On July 24, 2012, USF filed this action against Metcalf, Cantone, and Indian Harbor Insurance Company seeking a declaration that USF had no obligation to provide Metcalf a defense or indemnity coverage in the underlying

state court action.  Doc. 1.  Subsequently, on April 3, 2013, the state court ruled that Metcalf lacked standing to pursue the ejectment action since only Woodside held legal title to the condominium and, accordingly, dismissed the lawsuit without prejudice.  Doc. 35 at 10.  In light of the ruling, Metcalf filed this motion to dismiss claiming that this court lacked subject matter jurisdiction since "the underlying case has been dismissed [and] has rendered any actual controversy . . in this case moot" or, alternatively, that this court should dismiss Metcalf "as there is no longer any case or controversy pertaining to Metcalf."  Doc. 35 at 3, 4, 10.  Consequently, the issue before this court is whether the state court's decision to dismiss Metcalf's lawsuit renders this declaratory judgment action moot.  For the reasons stated below, the court finds that it does not and that USF can still pursue this declaratory judgment action.

### III.  ANALYSIS

A plaintiff seeking "to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (citing *Flast v. Cohen*, 392 U.S. 83, 94-101 (1968); *Jenkins v. McKeithen*, 395 U.S. 411, 421-25 (1969)).  "The Declaratory Judgment Act, 'in its limitation to cases of actual controversy, manifestly has regard to the

constitutional provision,' and thus 'is operative only in respect to controversies which are such in the constitutional sense.'" *Auto-Owners Ins. Co. v. Toole*, 947 F. Supp. 1557, 1565-66 (M.D. Ala. 1996) (citation omitted) (internal quotation marks omitted). To demonstrate such case or controversy, the plaintiff must assert a "'personal stake in the outcome' in order to 'assure the concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." *Id.* (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962)). The case or controversy requirement is not met when the plaintiff merely alleges an abstract injury. "The plaintiff must show that he 'has sustained *or is immediately in danger of sustaining some direct injury*' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id.* at 101-02 (emphasis added) (citations omitted). Significantly, in the insurance context, a controversy exists when the insured seeks a defense from the insurer but the insurer denies coverage, *see Amer. Fidelity & Cas. Co. v. Penn. Threshermen & Farmer's Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960), and "with an injured third person concerning a policy's validity even though the injured person may decide not to sue," *Amer. Centennial Ins. Co. v. Sinkler*, 903 F. Supp. 408, 410 (E.D. N.Y. 1995).

With this legal background in mind, notwithstanding the state court's dismissal of Metcalf's lawsuit, the case or controversy requirement is met here because an actual controversy exists between the parties and their interests are adverse. Specifically, unlike the duty to indemnify component of USF's claim, which is no longer ripe for adjudication in light of the dismissal of the state court action, *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995), ascertaining whether a duty to defend exists is still a ripe inquiry because USF alleged that it sustained injury when it expended funds to defend Metcalf under a reservation of rights. Doc. 1 at ¶¶ 17-18. In fact, USF filed this declaratory judgment, in part, for a determination of whether it owes Metcalf a defense or, alternatively, is due reimbursement from Indian Harbor. *Id*. Since USF expended funds to defend Metcalf in the now dismissed state court matter and may be entitled to recoup these funds, the parties still have a stake in the outcome of the declaratory judgment.[1] Therefore, Metcalf's motions to dismiss are **DENIED**.

---

[1] Additionally, given the dispute at issue, there is a reasonable expectation that an ejectment action is imminent and that Cantone will reassert the allegations raised in his counterclaims against Metcalf, *id*. at ¶¶ 9-11, causing the parties to incur future injuries on the issues regarding whether a duty to indemnify and/or defend exists.

DONE the 3rd day of June, 2013.

                                            **ABDUL K. KALLON**
                                      UNITED STATES DISTRICT JUDGE